Order Form (01/2005)

## United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2527 | **DATE** | 5/13/2011 |
| **CASE TITLE** | Knierem v. Attwater Blue Corporation | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion for Remand is granted.

■ [ For further details see text below.]　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　Before the court is Plaintiff Christopher Knierem's Motion to Remand. For the following reasons, the motion is granted.

　　This case arrives by way of Defendant Attwater Blue Corporation's April 15, 2011 Notice of Removal from the Circuit Court of Cook County, Illinois, where the original suit contained only state law claims. The Notice of Removal pleads diversity jurisdiction under 28 U.S.C. § 1332, stating that Plaintiff is a citizen of New Jersey, Defendant is a citizen of Illinois, and more than $75,000 is in controversy. The Notice of Removal concludes that because diversity is complete under § 1332 and other procedural requirements are satisfied, removal is proper under 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1447(c)'s thirty-day rule, Plaintiff's May 10, 2011 remand motion is timely filed.

　　Plaintiff, who brings this motion pro se, contends that "Defendant has failed to fully comply with the applicable removal statute, and the case should be remanded to state court on that basis." Plaintiff is correct. The federal removal statute states: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). If this case presented a federal question, this section would apply. But it does not, and, as Defendant repeatedly concedes, the only ground for jurisdiction is diversity under § 1332. Regarding diversity, the removal statute continues: "Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Id.

　　This is the longstanding "forum defendant rule." In re Repository Tech., Inc., 601 F.3d 710, 721 (7th Cir. 2010). In this diversity case, the rule applies because Defendant pleads that it is an Illinois citizen, and Illinois is the state in which the state law action was brought. Under this rule, "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, *and no defendant is a citizen of the forum state*." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) (emphasis added). As the Seventh Circuit puts it, "unless the basis for original jurisdiction is a

## STATEMENT

claim 'arising under' federal law, removal is possible only if none of the defendants 'is a citizen of the State in which [the] action is brought.'" <u>In re Repository Techs.</u>, 601 F.3d at 722 (quoting 28 U.S.C. § 1441(b)).

In the Notice of Removal and in open court, counsel for Defendant asserted that Defendant was an Illinois citizen, that the case was filed in Illinois state court, and that the only jurisdictional basis is diversity. Removal is clearly not available. Pursuant to § 1441(b), because diversity is the only jurisdictional ground and Defendant is a citizen of the forum state, removal is improper and the case is remanded to state court.

IT IS SO ORDERED.